UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 15, 2020

MEMORANDUM TO PARTIES RE:       Edward Brown, Jr. v. Jim Miller, et al.
                                Civil No. GLR-19-3156

Dear Parties:

Pending before the Court is Defendants Jim Miller and Melissa Bush's Motion to Dismiss (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

In January 2013, property management company Brodie Management, Inc. ("Brodie") hired Plaintiff Edward Brown, Jr., who is African American, as a doorman at the Residences at the Colonnade (the "Residences"), a condominium complex in Baltimore, Maryland.[1] (Compl. at 5, ECF No. 1).[2] According to Brown, his work performance was "stellar," which resulted in annual merit increases to his salary. (Id.). Nonetheless, at some point thereafter, Brown's Christmas bonus was reduced, even though a male, Caucasian maintenance worker at the Residences received the full bonus amount. (Id.). Additionally, on or about January 15, 2018, Melissa Bush, who is Caucasian, was promoted from receptionist to site manager at the Residences. (Id.). According to Brown, there were six African American receptionists with more experience and seniority than Bush, and there has never been an African American site manager during his tenure at the Residences. (Id.). Brown alleges that Brodie denied him and other African American employees the opportunity to apply for the site manager position due to Brodie's failure to advertise the vacancy. (Id.).

On September 30, 2018, Brown filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights (the "EEOC Charge"). (Defs.' Mot. Dismiss Ex. 1 ["EEOC Charge"] at 2, ECF No. 10-2). The EEOC Charge identified the Residences as Brown's employer and stated that Brown believed he was discriminated against on the basis of his race. (Id.). The EEOC Charge also noted that Brown was terminated in February 2018. (Id.). The EEOC issued Brown a Notice of Right to Sue letter on September 16, 2019. (Compl. at 7, 8).

---

[1] Unless otherwise noted, the facts outlined here are set forth in Brown's Complaint (ECF No. 1). To the extent the Court discusses facts that Brown does not allege in his Complaint, they are uncontroverted, and the Court views them in the light most favorable to Brown. The Court will address additional facts when discussing applicable law.

[2] Citations to the Complaint refer to the page numbers assigned by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

On October 30, 2019, Brown, proceeding pro se, brought suit against Jim Miller, Brodie's former regional property manager, and Bush, who continues to serve as site manager at the Residences. (ECF No. 1). Brown's four-count Complaint alleges violations of: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. (Count I); the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq. (Count II); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, et seq. (Count III); and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 206(d), et seq. (Count IV). (Compl. at 4). Brown seeks monetary damages. (Id. at 10).

On January 3, 2020, Defendants filed a Motion to Dismiss. (ECF No. 10). On January 31, 2020, Brown filed an Opposition. (ECF No. 12). Defendants filed a Reply on February 10, 2020. (ECF No. 13).

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). The court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

When, as here, the plaintiff is proceeding pro se, the Court will liberally construe the pleadings, which are held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

2

Defendants contend that Brown fails to state a claim under Title VII, the ADEA, the ADA, and the EPA.[3] The Court agrees.

With respect to Brown's Title VII claim, the Fourth Circuit has made clear that "Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (citing Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."). Here, Brown brings suit against Miller and Bush in their individual capacities, not against Brodie or the Residences. Furthermore, Brown fails to state how Miller and Bush were responsible for the discriminatory employment actions he describes in his Complaint. As such, Count I fails to state a claim.

Brown also fails to state a claim under the ADEA. The ADEA "prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of the person's age.'" Witzke v. Pepsi Bottling Ventures, LLC, 773 F.App'x 130, 131 (4th Cir. 2019) (quoting E.E.O.C. v. Balt. Cty., 747 F.3d 267, 272 (4th Cir. 2014)). To demonstrate a claim of age discrimination under the ADEA, a plaintiff must establish by a preponderance of the evidence "that age was the 'but-for' cause of the challenged employer decision." Id. (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 178 (2009)). To establish a prima facie case of age discrimination, a plaintiff must show that: "(1) he is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class." Id. (quoting Baqir v. Principi, 434 F.3d 733, 742 (4th Cir. 2006)). Brown's Complaint is replete of any allegations that Defendants discriminated against him based on his age, let alone that his age was the but-for cause of any adverse employment decision.[4] Accordingly, Count II fails to state a claim.

Likewise, Brown fails to state a claim under the ADA. "To establish a prima facie case for disability discrimination under the ADA, a plaintiff must prove: (1) that she has a disability, (2) that she is a 'qualified individual' for employment in question, and (3) that her employer discharged her or took other adverse employment action because of her disability." Lacasse v.

---

[3] Brown's three-page Opposition merely restates the allegations in his Complaint and does not address the substance of Defendants' legal arguments. (See ECF No. 12). As such, Brown has effectively abandoned his claims. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."). Nonetheless, the Court will consider the merits of Defendants' Motion.

[4] In his Opposition, Brown states for the first time that he is seventy years old and the maintenance worker who received a full bonus and Defendant Bush are both younger than him. However, Brown is "bound by the allegations contained in [his] complaint and cannot, through the use of motion briefs, amend the complaint." Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) aff'd, 141 F.3d 1162 (4th Cir. 1998). Accordingly, the Court will not consider these new allegations. Moreover, even if these allegations were properly pleaded, the Court finds they would be insufficient to state a claim under the ADEA.

Didlake, Inc., 712 F.App'x 231, 238–39 (4th Cir. 2018) (citing Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015)). Once again, Brown fails to allege any facts suggesting he had a disability or that Defendants took any adverse employment action because of that disability. Count III fails to state a claim.

Even if Brown's Complaint adequately stated his Title VII, ADEA, and ADA claims, these claims would nonetheless fail because Brown did not adequately exhaust his administrative remedies. Before a plaintiff may file suit under Title VII, the ADEA, or the ADA, he is required to file a charge of discrimination with the EEOC. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC."); Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964 . . . , the ADA incorporates that statute's enforcement procedures, . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court[.]"). A plaintiff satisfies his requirement to file an administrative charge "only if [the charge] is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quoting 29 C.F.R. § 1601.12(b) (2004)). Additionally, Title VII, ADEA, and ADA lawsuits may only be brought against the parties specifically named in the underlying administrative charge. See Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998) (dismissing Title VII and ADEA complaint against individuals not named in underlying charges because "[u]nder Title VII and the ADEA, a civil action may be brought only 'against the respondent named in the charge'"). Here, Brown's EEOC Charge named only the Residences as his employer, not Miller or Bush individually. (EEOC Charge at 2). Moreover, the EEOC Charge referred only to race-based discrimination, not discrimination based on age or disability. (Id.). Because Brown did not exhaust his administrative remedies as to his purported age or disability-based claims or as to any claims against Miller or Bush individually, Counts I–III must be dismissed.

Finally, Brown fails to adequately plead an EPA claim. To establish a prima facie case of discrimination under the EPA, the plaintiff must demonstrate that: (1) the defendant-employer paid different wages to an employee of the opposite sex; (2) for equal work on jobs requiring equal skill, effort, and responsibility; and (3) which jobs are all performed under similar working conditions. See E.E.O.C. v. Md. Ins. Admin., 879 F.3d 114, 120 (4th Cir. 2018) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)). In this case, Brown alleges that Bush—a Caucasian woman—was promoted to a position for which he and other African American employees were more qualified. However, Brown fails to offer any facts that Bush was paid higher wages for her work as either the receptionist or the site manager on account of her sex, or that these positions required the same level of skill, effort, and responsibility as Brown's position. And although Brown alleges that his bonus was reduced while a maintenance worker's bonus was not, this maintenance worker was the same sex as Brown—therefore, this allegation cannot form the basis of an EPA claim. At bottom, even when reading the Complaint in the light most favorable to Brown, the allegations therein simply do not state a claim under the EPA.

In sum, the Court finds that Brown fails to state a claim under Title VII, the ADEA, the ADA, and the EPA. Accordingly, Brown's Complaint must be dismissed.

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 10) is GRANTED. The Clerk is directed to CLOSE this case. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and to mail a copy of this Memorandum to Brown at his address of record.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge

5